UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD DEAVAULT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:00CV01453 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Dye v. Hofbauer [doc. #37].[1]

**I.  BACKGROUND**

In 1998, a jury found Petitioner guilty of carjacking and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 2119(a) and 924(c)(1). He was sentenced to an aggregated term of 140 months incarceration, a three year term of supervised release, a $200 special assessment, and $1,708.79 in restitution. The evidence showed that on February 21, 1998, at about 8:30 p.m., medical student Kara Ann Cummins returned to her car after shopping at the Galleria Mall in Richmond Heights, Missouri. She had placed her packages in the back seat of her car and was in the process of opening the front door when she was attacked from behind. The armed assailant pushed her into the car and drove the car to the Mall exit, holding her with his right hand and warning her not to exit the car. When the car stopped at a stoplight at the Mall exit, Ms. Cummins fought the

---

[1] On April 6, 2006, the Court ordered Petitioner's Motion, which was incorrectly docketed in Case No. 4:02CV00484 on November 30, 2005, to be redocketed as an entry in the above-styled case.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

assailant off and opened the passenger door, rolling to safety.

On September 9, 1999, the Eighth Circuit Court of Appeals denied Petitioner's direct appeal. *See United States v. Deavault*, 190 F.3d 926 (8th Cir. 1999). On September 11, 2000, Petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 Petition was denied, and he was denied a certificate of appealability. *See Deavault v. United States*, 4:00CV01453 ERW, Memorandum and Order [doc. #22] (March 6, 2001). Petitioner then made an application for a certificate of appealability to the Eighth Circuit, which was denied. *See id.*, Order from USCA [doc. #28] (April 30, 2001). On January 19, 2005, Petitioner filed a Rule 60(b) Motion for Relief from Judgment, which was denied. *See id.*, Order Denying Motion for Relief [doc. #35] (January 28, 2005).[2]

On November 30, 2005, Petitioner filed the instant Rule 60(b) Motion for Relief from Judgment. Petitioner requests that the Court grant relief from its March 6, 2001 Memorandum and Order denying his § 2255 Petition. According to Petitioner, the Court's March 6, 2001 Memorandum and Order failed to address one of his grounds for relief, and the Court should "reopen" his § 2255 Petition. Specifically, Petitioner argues that the Court failed to address his "Ground three, subsection 7 . . . which argued that the district court double counted movant's guideline sentence and movant's counsel was ineffective for not pointing out this egre[g]ious error

---

[2]On April 2, 2002, in a different case, Petitioner filed a "Post-Trial Motion to Dismiss Indictment, Information for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(2) of the Fed. R. Crim. P." *See Deavault v. United States*, No. 4:02CV00484 ERW. His request was denied because it was not brought prior to trial in accordance with Federal Rule of Criminal Procedure 12(b)(2). The Motion was also denied because, even liberally construing it as a § 2255 petition, it would be denied because it would constitute a successive § 2255 petition. A subsequent Rule 60(b) motion and an application for a certificate of appealability also were denied.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to the court." Pet.'s Mot. at 2.

**II. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The Rule specifies that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* Further, a movant seeking relief for reason (6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2649 (2005). "Such circumstances will rarely occur in the habeas context." *Id.*

The Government urges that Petitioner's current Motion should be dismissed on procedural grounds because it constitutes a successive application for § 2255 relief. With regard to this issue, the Eighth Circuit has instructed that a court should conduct "a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002). If the court determines that the Rule 60(b) motion is actually a successive collateral attack, the court should either dismiss it or transfer it to the Court of Appeals. *Id.* A Rule 60(b) motion can constitute a successive petition if it attacks a court's previous resolution of a claim on the merits. *Gonzalez*, 125

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

S.Ct. at 2648. *See also id.* at 2647-48 (discussing various ways a Rule 60(b) motion can constitute a successive petition). Thus, the first question for the Court is whether Petitioner's claim that he was denied ineffective assistance of counsel when his attorney failed to object to the Court's "double counting" of his sentence was previously raised by Petitioner and resolved on the merits by this Court.

In his § 2255 Petition, Petitioner listed three grounds for relief. In Ground Three, Petitioner alleged that he "was denied his right to effective assistance of counsel as guaranteed under the Sixth Amendment at trial, sentencing and on appeal." Petitioner then stated that his appointed attorney

> denied his right to effective assistance of counsel, in which counsel failed to: (1) challenge the district court's instructions to the jury regarding intent to cause serious[] bodily harm; (2) the Government's failure to establish the required nexus between the alleged serious[] bodily harm and the taking of the vehicle; (3) the district court's lack of jurisdiction to convict under the carjacking statute; (4) properly investigate and prepare for trial, in which he failed to obtain exculpatory evidence; (5) move for a jury instruction for the trial jury explaining conditional intent element under the carjacking; (6) failed to admonish Petitioner on his rights to testify on his own behalf; (7) the District Court's double counting of Petitioner's Guideline Sentence; (8) raise meritorious issues on appeal.

In his Memorandum of Law in support of his Motion, Petitioner included no argument or supporting facts regarding his allegation that counsel was ineffective for failing to challenge the Court's "double counting" of his sentence. In its Response to this Court's order to show cause, the Government did not directly address Petitioner's allegation regarding the "double counting" of his sentence. In his Traverse, Petitioner did provide an argument explaining his allegation that counsel was ineffective for failing to challenge the Court's "double counting" of his sentence.

In its March 6, 2001 Memorandum and Order, the Court noted that, "[a]fter carefully considering Movant's brief in support of his motion under § 2255, it appears that the grounds stated in the motion itself regarding ineffective assistance of counsel and the grounds argued in the brief do

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

not correspond. The Court has attempted to find in the supporting brief evidence or argument supporting any or all of the grounds alleging ineffective assistance of counsel." Mar. 6, 2001 Mem. and Ord. at 3 n.1. In a section at the end of its Memorandum and Order, the Court concluded:

> There were several claims raised by Movant in his § 2255 Motion but not discussed in his Memorandum of Law in support of his motion. The Court, after examining the additional claims of ineffective assistance of counsel, [finds] that Movant has not met his burden in showing that his trial counsel's and appellate counsel's representation fell below the objective standard of reasonableness required by the Sixth Amendment. Furthermore, based on the significant amount of evidence of Movant's guilt, Movant has failed to show that any of the alleged deficiencies resulted [in] Movant suffering prejudice.

*Id.* at 9-10. Thus, though its analysis was brief, the Court considered and rejected Petitioner's claim that his counsel was ineffective for failing to challenge the Court's "double counting" of his sentence under the Sentencing Guidelines. The Court's analysis was necessarily brief, given that Petitioner had provided no facts or argument, either in the Petition or in the accompanying Memorandum of Law, in support of his "double counting" allegation. It is clear that the Court did consider Petitioner's "double counting" claim and that the Court rejected the claim on the merits because Petitioner had failed to meet his burden of demonstrating his trial counsel's representation fell below the objective standard of reasonableness required by the Sixth Amendment. In accordance with *Boyd* and *Gonzalez*, Petitioner's Rule 60(b) Motion should be dismissed because it constitutes a successive § 2255 petition, and there is no indication that Petitioner has received permission from the Eighth Circuit to file a successive petition. *See* 28 U.S.C. § 2254 (successive petition must be certified by appropriate court of appeals).

Even if Petitioner's Rule 60(b) Motion were not subject to dismissal, he still would not be entitled to any relief. Petitioner's Rule 60(b) Motion is made more than four years after this Court

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

entered judgment on his § 2255 Petition. Rule 60(b) requires that any motion brought pursuant to the Rule "be made within a reasonable time." Fed. R. Civ. P. 60(b). Petitioner has made no showing that there is any reason which might justify his more than four-year delay in bringing his Rule 60(b) Motion. Further, Petitioner has identified no extraordinary circumstances which might excuse his delay. Thus, Petitioner's Rule 60(b) Motion is time-barred for failure to bring it within a reasonable time after judgment was entered.

Finally, even if Petitioner's Rule 60(b) Motion were not subject to dismissal because it constitutes a successive habeas petition and because he failed to bring it in a timely manner, he still would not be entitled to relief because his claim fails on the merits. Petitioner's current argument does nothing to change this Court's previous finding that he has failed to demonstrate that his counsel was ineffective. The Court's application of a sentencing enhancement to the base offense level in Petitioner's case did not amount to impermissible double counting. As the Eighth Circuit has made clear, double counting "may be permissible . . . in situations where (1) the Sentencing Commission intended the result and (2) 'each statutory section concerns conceptually separate notions relating to sentencing.'" *U.S. v. Kenney*, 283 F.3d 934, 937 (8th Cir. 2002). As other circuit courts have explained, the application of a two-level enhancement for carjacking meets these requirements and does not constitute double counting. *See, e.g.*, *U.S. v. Cline*, 362 F.3d 343, 350 (6th Cir. 2004) (two-level enhancement for carjacking did not constitute impermissible double counting);[3] *U.S. v.*

---

[3]In *Cline*, the defendant made an argument substantially the same as that advanced by Petitioner. In resolving the issue, the court stated:

> Cline argues that the district court's application of this section constituted impermissible double counting, which occurs if "the same aspect of a defendant's conduct factors into his sentence in two separate ways," and neither Congress nor the Sentencing Commission intended to impose multiple penalties. *United States v.*

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Naves*, 252 F.3d 1166, 1168-69 (11th Cir. 2001) (same).[4]

## III. CONCLUSION

Petitioner's Rule 60(b) Motion constitutes a successive habeas claim and therefore is subject

---

*Farrow,* 198 F.3d 179, 193-94 (6th Cir.1999). Cline's only citation in support of this argument is to *Farrow* . . . . However, Cline fails to note the language in *Farrow* observing that "the Sentencing Guidelines expressly mandate double counting under some circumstances through the cumulative application of sentencing adjustments." *Id.* at 194. For example, "Congress has clearly indicated its intent to punish cumulatively violations of §§ 2119 and 924(c) [the federal carjacking statute and the provision for enhanced punishment for using a dangerous or deadly weapon during a violent crime, respectively]." *United States v. Johnson,* 22 F.3d 106, 108 (6th Cir.1994) (quoting *United States v. Singleton,* 16 F.3d 1419, 1425 (5th Cir.1994)), *cited in Farrow,* 198 F.3d at 194.

*Cline*, 362 F.3d at 350.

[4]In *Naves*, the court addressed the single issue of "whether the district judge engaged in impermissible 'double counting' by adding a two point enhancement under United States Sentencing Guideline (U.S.S.G. § 2B3.1(b)(5)(1998) to appellant's base offense level because the offense involved a carjacking." *Naves*, 252 F.3d at 1168. In resolving the claim, the court noted:

> In 1992 the United States Congress made robbery involving carjacking a federal crime by adding § 2119 to Chapter 103, Title 18 of the United States Code. . . . Pursuant to its authority (28 U.S.C. § 994(a)) the Sentencing Commission amended U.S.S.G. § 2B3.1, entitled "Robbery," to provide for a two level increase of the base offense level if the robbery offense involved a carjacking and amended the "Statutory Provisions" section of the "Commentary" to § 2B3.1 to reference 18 U.S.C. § 2119, the carjacking statute, as one of the statutory provisions to which § 2B3.1 applied. United States Sentencing Commission Guidelines Manual, App. C. Amendment 483.
> Those amendments leave no doubt that the Sentencing Commission intended to apply the two point enhancement to the base robbery offense level of 20 for convictions under § 2119, the carjacking statute. We must assume that the Sentencing Commission knew that the two point enhancement at issue herein would be imposed in every case involving a conviction under § 2119, that it intended this result, and that in effect it was creating a base offense level of 22 for a conviction under § 2119.

*Naves*, 252 F.3d at 1168-69.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to dismissal. Moreover, the Motion is untimely in that it was made more than four years following entry of judgment on Petitioner's § 2255 Petition. Finally, the Motion fails on its merits because Petitioner has failed to demonstrate that his counsel was ineffective for failing to challenge the Court's "double counting" of his sentence. For all of these reasons, Petitioner's Rule 60(b) Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Dye v. Hofbauer [doc. #37] is **DENIED**.

Dated this 6th day of April, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com